UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| URI GEDALIA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-03517 |
| § | |
| WHOLE FOODS MARKET SERVICES, § | |
| INC., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiffs Uri Gedalia and Kira Lewis's (collectively "Plaintiffs") Motion for Appointment of the Golan Firm and Reese Richman LLP as Interim Co-Lead Class Counsel (Doc. 28) and Defendants Whole Foods Market Services, Inc., *et al.*'s ("Whole Foods") response in opposition to the motion (Doc. 37). Having considered the motion, the response, and the applicable law, the Court concludes that Plaintiffs' motion should be denied.

### I.     Legal Standard

Rule 23(g) provides: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The decision whether to designate interim counsel is discretionary with the court. WRIGHT & MILLER, 6A Fed. Proc., L. Ed. § 12:293. The Advisory Notes state the Rule authorizes designation "if necessary to protect the interests of the putative class." Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23; *see Carrier v. Am. Bankers Life Assur. Co. of Florida*, 05-CV-430-JD, 2006 WL 2990465 (D.N.H. Oct. 19, 2006) ("Although the rule does not provide a standard for determining whether interim

counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances when interim counsel is necessary to protect the interests of the putative class."). Actions to protect the interests of the class include "precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlements." WRIGHT & MILLER, *supra*. "Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Notes, Fed. R. Civ. P. 23.

## II.     Discussion

Plaintiffs argue designation of interim counsel is appropriate because (1) proposed counsel are already undertaking precertification activities, including settlement negotiations that began in November 2012, and (2) two pending suits in the Northern District of California[1] "create uncertainty as to who may speak on behalf of the class." Doc. 28 at 3-4.

Precertification activities are "ordinarily" handled by the lawyer who files suit except perhaps where there is "rivalry or uncertainty." Notes, Fed. R. Civ. P. 23. The Advisory Notes further state:

> Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole. For example, an attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable, and adequate for the class.

*Id.*; *see* WRIGHT & MILLER at § 12:293 (because the lawyer's duty to the class is the same, "denying the denying the appointment of interim counsel does not prejudice the putative class in any way."). Plaintiffs have not shown why the class is prejudiced by the absence of interim

---

[1] *Pratt v. Whole Foods Market California, Inc. et al.*, No. 5:12-05652 (N.D. Cal., filed Nov. 2, 2012); *Garrison v. Whole Foods Market, Inc.*, No. 4:13-05222 (N.D. Cal., filed Nov. 8, 2013).

counsel. *See Carrier v. Am. Bankers Life Assur. Co. of Florida*, 05-CV-430-JD, 2006 WL 2990465 (D.N.H. Oct. 19, 2006) (denying motion for interim counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69 (S.D.N.Y. 2006) (denying motion for interim counsel despite ongoing settlement negotiations).

The pending suits do not create the sort of "rivalry or uncertainty" that has been found to justify interim counsel. Notes, Fed. R. Civ. P. 23. In general, courts have designated interim counsel only when multiple suits have been filed and multiple plaintiffs' attorneys are competing for designation.

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class . . . .

Manual for Complex Litigation (4th) § 21.11; *see also* 1 McLaughlin on Class Actions § 4:38 (10th ed.) ("Appointment of interim lead counsel should be considered in cases where multiple lawyers seek to represent the proposed class . . . ."). Plaintiffs cite to four cases in which motions for interim counsel were granted; in all of them, multiple lawyers sought designation. *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Walker v. Discover Fin. Services*, 10-CV-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011); *Carlin v. DairyAmerica, Inc.*, 109CV0430 AWI DLB, 2009 WL 1518058 (E.D. Cal. May 29, 2009); *Kaminske v. JP Morgan Chase Bank N.A.*, SACV 09-00918 JVS, 2011 WL 521338 (C.D. Cal. Jan. 3, 2011). In contrast, courts have denied designation of interim counsel where no competition between law firms existed. *See, e.g., Parrish v. Nat'l Football League Players Inc.*, C 07-00943 WHA, 2007

WL 1624601 (N.D. Cal. June 4, 2007):

> Here, there is a single action and a single law firm who has moved to be appointed as interim counsel. There are not multiple complaints, nor is there a gaggle of law firms jockeying to be appointed class counsel. No consolidation with other actions is on the horizon. A single group of counsel represents that class, so responsibility for protecting the class' rights is clear. Because of this there is no need to appoint interim class counsel at this time.

*Id.*; *see also In re Issuer* at 69-70; *Donaldson v. Pharmacia Pension Plan*, CIV. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006); *Lyons v. CoxCom, Inc.*, 08-CV-02047-H(CAB), 2009 WL 6607949 (S.D. Cal. July 6, 2009). Even where multiple suits were filed, interim counsel has been denied where the movant failed to show how it would protect the interests of class members. *Trombley v. Bank of Am. Corp.*, 08-CV-456-JD, 2010 WL 4878992 (D.R.I. Dec. 1, 2010).

> Other than keeping informed about developments in the *DeLeon* case, the plaintiffs have not shown what their counsel would do as interim class counsel to protect the interests of putative class members. Whether counsel is designated as interim class counsel or not, presumably counsel can access the electronic docket and follow the litigation in the *DeLeon* case.

*Id.*

Here, Plaintiffs admit that the pending suits "involve different products and different claims." Doc. 28 at 2-3. There is no pending motion for consolidation. Multiple firms have not sought designation. Plaintiffs have failed to show prejudice to the putative class. On the contrary, premature granting of interim counsel designation may prejudice the class. Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23 (suggesting courts defer appointment to "facilitate[] competing applications" in order to "afford the best possible representation for the class.").

### III.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Appointment of the Golan Firm and Reese Richman LLP as Interim Co-Lead Class Counsel (Doc. 28) filed by Plaintiffs Uri Gedalia and Kira Lewis is **DENIED**.

SIGNED at Houston, Texas, this 29th day of September, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE